UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24222-CIV-BLOOM/OTAZO-REYES

KARL JUSTA BRASIL,

    Plaintiff,

v.

CHAD F. WOLF,
Acting Secretary, Department of Homeland Security;
WILLIAM P. BARR,
Attorney General of the U.S.;
KENNETH T. (KEN) CUCCINELLI,
Acting Director, Citizenship and Immigration Services;
SUSAN DIBBINS,
Acting Chief, USCIS AAO;
GREGORY A. RICHARDSON,
Director, Texas Service Center, Citizenship and
Immigration Services,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Motion to Dismiss for Lack of Subject Matter Jurisdiction (hereafter, "Motion to Dismiss") filed by Defendants Chad F. Wolf, Acting Secretary, Department of Homeland Security; William P. Barr, Attorney General of the U.S.; Kenneth T. (Ken) Cuccinelli, Acting Director, Citizenship and Immigration Services; Susan Dibbins, Acting Chief, USCIS AAO; and Gregory A. Richardson, Director, Texas Service Center, Citizenship and Immigration Services ("Defendants") [D.E. 27].[1] This matter was referred to the

---

[1] The undersigned notes that at least some of the named Defendants no longer hold their associated positions. See, e.g., "Alejandro Mayorkas Sworn in as Secretary of Homeland Security" available at https://www.dhs.gov; "Attorney General Merrick Garland Addresses the 115,000 Employees of the Department of Justice on his First Day" available at https://www.justice.gov. Because Defendants are being sued in their official capacity only [D.E. 1 at 2-3], "their successors automatically assume their roles in the

undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 20].  The undersigned held a hearing on this matter on January 27, 2021 (hereafter, "Hearing") [D.E. 35].  Having thoroughly considered the parties' written submissions and the argument of counsel at the Hearing, the undersigned respectfully recommends that Defendants' Motion to Dismiss be GRANTED.

## **INTRODUCTION**

On October 15, 2020, Plaintiff Karl Justa Brasil ("Brasil" or "Plaintiff") filed a Complaint for Relief Pursuant to the Administrative Procedures Act and the Declaratory Judgment Act (hereafter, "Complaint") [D.E. 1].  Therein, Plaintiff "seek[s] review of the decisions of the U.S. Citizenship & Immigration Services ("USCIS") dated August 23, 2019 and July 21, 2020, denying Plaintiff's Form I-140, Immigrant Petition for Alien Worker (Advanced Degree, Exceptional Ability, National Interest Waiver) . . . and related appeal." Id. at 1.  Plaintiff contends that USCIS "acted arbitrarily and capriciously, abused its discretion, and performed the subject adjudications" in violation of the Administrative Procedure Act ("APA").  Id. at 2. In his Prayer for Relief, Plaintiff asks the Court to: set aside and vacate the August 23, 2019 and July 21, 2020 USCIS decisions; remand the matter to Defendants with instructions to approve Plaintiff's I-140 Petition; issue a preliminary and permanent injunction compelling Defendants to approve Plaintiff's I-140 Petition and enjoining them from denying an adjustment of status pending resolution of this case. Id. at 16.

In their Motion to Dismiss, Defendants bring a facial attack on the Court's subject matter

---

litigation." Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

2

jurisdiction, arguing that Title 8, United States Code, Section 1252(a)(2)(B)(ii) bars judicial review of discretionary decisions of the Attorney General or the Secretary of Homeland Security, such as Defendants' denial of Plaintiff's petition for a National Interest Waiver.  See Motion to Dismiss [D.E. 27 at 5-9].  As discussed below, the undersigned finds that Defendants' Motion to Dismiss is amply supported by the weight of legal authority.

## APPLICABLE LAW

1. *Facial attack on subject matter jurisdiction.*

"A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotation marks and alterations omitted) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  When confronting such an attack, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised."  McElmurray, 501 F.3d at 1251 (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).  In ruling on a motion to dismiss, "a district court can generally consider exhibits attached to a complaint. . . ."  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

2. *Relevant immigration statutes*

Title 8, United States Code, Section 1153(b)(2) provides, in pertinent part:

(A) In general

Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraph (1), to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and

3

> whose services in the sciences, arts, professions, or business are sought by an employer in the United States.
>
> (B) Waiver of job offer
>
> (i)     National interest waiver
>
> Subject to clause (ii), the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.

8 U.S.C. § 1153(b)(2)(A)-(B)(i).

> Title 8, United States Code, Section 1252(a)(2)(B) provides:
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i)     any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii)    any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).  At issue in this case is the jurisdiction stripping provision set forth at 8 U.S.C. § 1252(a)(2)(B)(ii).

## COMPLAINT ALLEGATIONS AND EXHIBITS

On December 20, 2017, Plaintiff, a Financial Analyst, filed a Form I-140 petition for an immigrant visa seeking a National Interest Waiver as a member of the professions holding an advanced degree.  See Complaint [D.E. 1 at 3]; Form I-140 [D.E. 1-4].  Plaintiff qualified for this classification based on his Master of Business Administration Degree from Fundacao Getulio Vargas in October 2014.  See Complaint [D.E. 1 at 3]; USCIS August 23, 2019 Decision [D.E. 1-2 at 3].  Applying the three-pronged analysis set forth in in Matter of Dhanasar, 26 I&N Dec. 884

(AAO 2016), USCIS found that Plaintiff only satisfied the second prong, namely, that based on his accomplishments, he was well positioned to advance his proposed endeavor. See Complaint [D.E. 1 at 3-4]; USCIS August 23, 2019 Decision [D.E. 1-2 at 3-4]. As a result, USCIS denied Plaintiff's Form I-140 petition. See Complaint [D.E. 1 at 3-4]; USCIS August 23, 2019 Decision [D.E. 1-2 at 4]. On July 21, 2020, Plaintiff's appeal was dismissed by the Administrative Appeals Office ("AAO"). See Complaint [D.E. 1 at 4]; USCIS AAO July 21, 2020 Decision [D.E. 1-3 at 7].

Plaintiff brings this action pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, and the APA, 5 U.S.C. § 701, *et seq.*, alleging that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331. See Complaint [D.E. 1 at 5].[2] Plaintiff also cites 28 U.S.C. § 1346(a)(2) in his Complaint, id., but provides no explanation for referencing this inapposite statute, which is entitled "United States as defendant." 28 U.S.C. § 1346.

Although Plaintiff strenuously attempts to avoid the jurisdiction stripping effect of 8 U.S.C. § 1252(a)(2)(B)(ii), the undersigned concludes that, pursuant to the statute and prevalent case law, the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

## DISCUSSION

### 1. *The weight of authority supports Defendants' Motion to Dismiss.*

In their Motion to Dismiss, Defendants rely on a case squarely on point, in which the Ninth Circuit Court of Appeals affirmed the district court's dismissal of a claim challenging USCIS' denial of a National Interest Waiver petition, based on lack of subject matter jurisdiction. See Poursina v. USCIS, 936 F.3d 868 (9th Cir. 2019). In Poursina, the Ninth Circuit specifically

---

[2] Title 28, United States Code, Section 1331 provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5

addressed and decided in the affirmative the issue of "whether [USCIS's] decision to grant (or to refuse) a national-interest waiver comes within § 1252(a)(2)(B)(ii)'s jurisdictional bar." Id. at 870. In reaching this determination, the Ninth Circuit initially noted that § 1252(a)(2)(B)(ii) "precludes review only if a congressional statute—codified in the relevant subchapter, see 8 U.S.C. §§ 1151-1382—vests the government with authority to make a discretionary decision"; and then concluded that the plain language of the National Interest Waiver statute, 8 U.S.C. § 1153(b)(2)(B)(i), "specifies that the authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General." Id. at 871-72. The Ninth Circuit added that its decision was "buttressed by the Supreme Court's interpretation of a neighboring jurisdictional bar: § 1252(a)(2)(B)(i)." Id. at 872 (citing Kucana v. Holder, 558 U.S. 233 (2010)). Two other circuit courts have reached the same conclusion as the Poursina court. See Mousavi v. USCIS, 828 F. App'x 130 (3d Cir. 2020) (8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of the denial of a national interest waiver, including constitutionally based claims); Zhu v. Gonzalez, 411 F.3d 292 (D.C. Cir. 2005) (by its terms, the national interest waiver provision grants the Attorney General complete discretion, hence 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review).

The parties have not cited any case from the Eleventh Circuit that specifically addresses the issue at hand, but two related cases do provide guidance. In Sands v. U.S. Dept. of Homeland Sec., 308 F. App'x 418 (11th Cir. 2009), the Eleventh Circuit affirmed the district court's dismissal of a complaint filed by amateur athletes who had applied for visas and were challenging the "denial of applications, revocation of applications and threats to revoke applications" by defendants. Id. at 419. The Eleventh Circuit analyzed the case as follows:

> The district court's order (R.2–35 at 1–5) carefully considered each of the bases for jurisdiction in the district court alleged by the Plaintiffs, and correctly concluded that none of them supported jurisdiction to review discretionary decisions to deny

>   visas to aliens of extraordinary ability in the field of athletics under 8 U.S.C. § 1153(b)(1)(A) or to review revocations of such visas under 8 U.S.C. § 1155.
>
>   The district court carefully concluded that 28 U.S.C. § 1361, the mandamus statute, provides no basis for jurisdiction because the action complained of is discretionary. (R.2–35 at 4.) The court could have also bottomed this conclusion on 8 U.S.C. § 1252(a)(2)(B), which explicitly strips the district court of jurisdiction under the mandamus statute.

Id.  Similarly, in Karpeeva v. U.S. Dept. of Homeland Sec., 432 F. App'x 919 (11th Cir. 2011), the Eleventh Circuit considered several foreign amateur athletes' challenge of the revocation of their previously granted I-140 petitions for preference visas under 8 U.S.C. § 1153(b)(1)(A), based on their extraordinary athletic ability.  Id. at 920.  The Eleventh Circuit stated:

>   The Secretary of Homeland Security *may, at any time, for what he deems to be good and sufficient cause,* revoke the approval of any petition approved by him under section 1154 of this title.  8 U.S.C. § 1155 (emphasis added). Given the statutory discretion conferred upon the Secretary to revoke approved visa petitions, we agree with the other circuits that have concluded that § 1252(a)(2)(B) precludes judicial review of visa revocation decisions made pursuant to § 1155.

Karpeeva, 432 F. App'x at 925.[3]

Additionally, the undersigned finds two decisions from our district finding no jurisdiction to be persuasive.  In Bessenyei v. U.S. Dept. of Homeland Sec., 2006 WL 8433899 (S.D. Fla. Mar. 1, 2006) (Cooke, J.), Plaintiff, a Hungarian national and breaststroke swimmer, sought to challenge the denial of his I-140 visa petition as an alien of extraordinary ability in the field of athletics.  Id. at *1.  In his complaint, Plaintiff alleged that he was "a National Champion of Hungary, a Big Ten Champion, and an All American in swimming"; and "that his swimming times were considerably faster than those of Tjin-A-Tam's a Surinamese swimmer" whose "I-140 application was approved."  Id.  In his complaint, "Plaintiff requested that this Court compel the Defendants

---

[3] Title 8, United States Code, Sections 1154 and 1155 prescribe the procedures for granting immigrant status and for the revocation of approval of petitions, respectively.  See 8 U.S.C. §§ 1153-54.

7

to follow the law and provide this Court with a rational explanation for the alleged inconsistency in the treatment of Plaintiff's petition versus that of Tjin-A-Tam." Id. "Upon reviewing § 1153 (b)(1)(A)", the Honorable Marcia G. Cooke, United States District Judge, found "that the decision to grant or deny a visa is a *discretionary* decision committed to the Attorney General." Id. at *5 (emphasis in original). Accordingly, the court "conclude[d] that it lack[ed] jurisdiction to review the decision at issue in the present action." Id. at *7. In reaching a similar result in Miranda v. USCIS, 2006 WL 8433474 (S.D. Fla. June 29, 2006) (Seitz, J.), the Honorable Patricia A. Seitz, United States District Judge, stated:

> Numerous appellate courts have found that the jurisdictional bar of § 1252(a)(2)(B)(ii) precludes judicial review of any discretionary decisions made under §§ 1151-1378. *See, e.g., Zhu v. Gonzales,* 411 F.3d 292, 294-95 (D.C. Cir. 2005); *Yerkovich, supra; CDI Info. Servs. v. Reno,* 278 F.3d 616, 621 (6th Cir. 2002). This District has consistently followed this rule, especially in cases like Plaintiff's involving I-140 visa petitions under § 1153(b)(1)(A). *See Bessenyei v. U.S. DHS,* 05-22177-Civ-Cooke (court lacked jurisdiction to review the denial of athlete's 1-140 visa petition); *Gomez v. U.S. DHS,* 05-20823-Civ-Ungaro (same); *Quintero v. U.S. DHS,* 05-22003-Civ-Huck (same).

Miranda, 2006 WL 8433474 at *2.

### 2. Plaintiff's attempts to avoid the jurisdiction stripping effect of 8 U.S.C. § 1252(a)(2)(B)(ii) fail.

Plaintiff cites Bonillo v. Sec. Dept. Homeland Sec., 497 F. App'x 913 (11th Cir. 2012) and Kurapati v. USCIS, 775 F.3d 1255 (11th Cir. 2014) as examples of cases where the Eleventh Circuit reversed the lower courts' dismissals for lack of subject matter jurisdiction, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). See Plaintiff's Opposition Memorandum in Response to Defendants' Motion to Dismiss for Lack of Jurisdiction (hereafter, "Response") [D.E. 30 at 7-9].

In Bonillo, the Eleventh Circuit addressed the issue before it as follows:

> We need not decide whether decisions to revoke visas under 8 U.S.C. § 1155 are discretionary and therefore precluded from judicial review by § 1252(a)(2)(B)(ii). This issue need not detain us because Bonillo is not asking to second-guess the

> Agency's decision to revoke his I–140 petition. Rather, he is asking for a determination of whether the Agency complied with its own regulations concerning its mandatory notification procedures. It is "an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 545 (6th Cir.2004). "Agencies must respect their own procedural rules and regulations." *Gonzalez v. Reno,* 212 F.3d 1338, 1349 (11th Cir.2000) (citing *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974)). Whether the Agency violated the mandatory notice regulations goes to the merits of Bonillo's claims, not to jurisdiction.

Bonillo, 497 F. App'x at 915-16. Similarly, in Kurapati, the issue presented to the Eleventh Circuit was "whether USCIS adhered to its pre-revocation notice regulations." Kurapati, 775 F.3d at 1258. The Eleventh Circuit explained its earlier decision in Bonillo as follows: "There, we drew a distinction between judicial review of the I–140 revocation and judicial review of whether the agency complied with the applicable administrative procedure in revoking the I–140, and we determined that § 1252(a)(2)(B)(ii) did not divest the district court of jurisdiction to consider the latter." Kurapati, 775 F.3d at 1262. The Eleventh Circuit then expressly agreed with the analysis from Bonillo and applied it to Kurapati, stating: "Even when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations." Id. (citations omitted). As in Bonillo, the Eleventh Circuit "conclude[d] that the district court ha[d] subject matter jurisdiction over the claims raised in Kurapati's complaint." Id.

Plaintiff argues that Bonillo and Kurapati stand for the proposition that the Eleventh Circuit "agrees that federal agencies are to be bound by their internal policies and guidelines. *See, Kurapati, supra.*" See Response [D.E. 30 at 9]. Plaintiff seeks judicial review of USCIS's three-pronged analysis from Matter of Dhanasar on this basis. Id. However, the Eleventh Circuit's finding of subject matter jurisdiction in Bonillo and Kurapati was limited to claims of the agency's failure to comply with its notice procedures, and the issue of whether the agency's actual revocation decision was subject to judicial review was expressly carved out. See Bonillo, 497 F.

9

App'x at 915-16; Kurapati, 775 F.3d at 1262 (agreeing with the analysis from Bonillo). Moreover, in Sands, the Eleventh Circuit affirmed a dismissal for lack of subject matter jurisdiction where plaintiffs were seeking "a *favorable* adjudication" as to defendants' "denial of applications, revocation of applications and threats to revoke applications." Sands, 308 F. App'x at 419. A favorable adjudication is precisely what Plaintiff seeks here, by asking the Court to reverse USCIS's denial of his National Interest Waiver petition, to remand the matter with instructions to approve the petition, and to grant injunctive relief compelling the approval. See Complaint [D.E. 1 at 16]. Therefore, pursuant to Sands and the weight of other authorities cited herein, the undersigned concludes that the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

Moreover, contrary to Plaintiff's contention, the decisions in Mejia Rodriguez v. U.S. Dept. of Homeland Sec., 562 F.3d 1137 (11th Cir. 2009), which involved determination of an alien's eligibility for Temporary Protected Status and Rubi v. Diaz, 2019 WL 1573336 (S.D. Fla. Apr. 11, 2019), which involved an alien's eligibility for adjustment of status, do not support a different result. Here, Plaintiff was qualified as a member of the professions holding an advanced degree based on his holding a Master of Business Administration Degree. See Complaint [D.E. 1 at 3]; USCIS August 23, 2019 Decision [D.E. 1-2 at 3]. Given that this preliminary eligibility determination was favorable to him, Plaintiff does not challenge it; hence, the Mejia Rodriguez and Rubi decisions are inapposite.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Motion to Dismiss [D.E. 27] be GRANTED and this case be DISMISSED for lack of subject matter jurisdiction.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 17th day of March, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record