UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24222-BLOOM/Otazo-Reyes**

KARL JUSTA BRASIL,

    Plaintiff,

v.

CHAD F. WOLF, Acting Secretary of the
Department of Homeland Security, *et al.*,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. [27] ("Motion"). Plaintiff submitted a Response in Opposition, ECF No. [30], to which Defendants replied, ECF No. [37].[1] This matter was previously referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation on any dispositive issues. ECF No. [20].

On March 17, 2021, Judge Otazo-Reyes issued a Report and Recommendation recommending that Defendants' Motion be granted and that this case be dismissed for lack of subject-matter jurisdiction. ECF No. [41] ("Report"). On March 31, 2021, Plaintiff timely filed his Objection to Judge Otazo-Reyes's Report, ECF No. [42] ("Objection"), stating:

> Plaintiff notes that the Report . . . is well-reasoned and well-written. Defendants have accurately and succinctly represented the law of the [Court of Appeals for the Eleventh] Circuit to this Court and Plaintiff does not dispute the arguments and factual findings in the Report and Recommendation. Plaintiff appeals the recommendation for dismissal based on the reasoning [by the Court of Appeals for the] Ninth Circuit [in] *Poursina v. USCIS*, 936 F.3d 868 (9th Cir. 2019), [the Court of Appeals for the] Third Circuit [in] *Mousavi v. USCIS*, 828 F. App'x

---

[1] Defendants submitted their reply brief after the Court held a hearing on the Motion. *See* ECF No. [40].

> 130 (3d Cir. 2020), and [the Court of Appeals for the] D.C. Circuit [in] *Zhu v. Gonzalez*, 411 F.3d 292 (D.C. Cir. 2005).
>
> Plaintiff asks this Court to instead adopt the reasoning set forth by the Ninth Circuit in *ANA Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004) . . . , [the Court of Appeals for the] Second Circuit in *Sharkey v. Quarantillo*, 541 F.3d 75, 85-86 (2d Cir. 2008) and *Sepulveda v. Gonzales*, 407 F.3d 59, 62-63 (2d Cir. 2005) . . . , and [the Court of Appeals for the] Seventh Circuit in *Musunuru v. Lynch*, 831 F.3d 880 (7th Cir. 2016)[.]

*Id.* at 1-2. Defendants subsequently filed a Response to Plaintiff's Objection. ECF No. [43] ("Response").

This Court has conducted a *de novo* review of the record in this case and the portions of the Report to which Plaintiff has objected in accordance with 28 U.S.C. § 636(b)(1)(C) and has reviewed the remainder of the Report for clear error. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). As discussed below, the Court finds that Plaintiff's Objection is without merit and is therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

At the outset, the Court notes that Plaintiff's Objection is improper, as it is a generalized objection that attempts to expand upon and reframe issues originally raised in the briefing and at oral argument on Defendants' Motion. Indeed, Plaintiff's Objection is a mere disagreement with the Report's ultimate conclusions. Yet, "[i]t is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Further, "[a]n objection must specifically identify the portions of the proposed findings

and recommendation to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (citing *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.")). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Here, Plaintiff fails to point to specific errors in the Report's findings, reasoning, or conclusions; instead, the Objection simply asks this Court to adopt the reasoning from a different line of cases than those Judge Otazo-Reyes relied upon in her Report. Plaintiff's Objection fails to set forth a specific finding of fact or law in the Report that he believes to be erroneous, and the Objection is due to be overruled on this basis alone.

Nevertheless, even upon consideration of the merits of Plaintiff's Objection, the Court finds that it must be overruled. Following review of the cases relied upon in the Report, and those cited by Plaintiff, the Court sees no reason why it should ignore three cases from various Courts of Appeal that directly address the national interest waiver at issue here. *See Poursina*, 936 F.3d 868; *Mousavi*, 828 F. App'x 130; *Zhu*, 411 F.3d 292. Nor has Plaintiff provided the Court with any basis for doing so. Indeed, as Defendants' Response correctly notes, none of the cases Plaintiff cites in support of his Objection address the discretionary nature of granting a national interest waiver. Plaintiff has not provided any compelling argument to support his reliance on cases addressing different provisions of the Immigration and Nationality Act than the one at issue. As such, the Court sees no basis to depart from the reasoning set forth in Judge Otazo-Reyes's Report, which is premised upon cases directly relevant to the issue at hand.

In sum, upon a comprehensive review, the Court finds Judge Otazo-Reyes's Report to be well reasoned and correct. The Court therefore agrees with the analysis in the Report and concludes

Case No. 20-cv-24222-BLOOM/Otazo-Reyes

that Defendants' Motion must be granted, and that this case must be dismissed for lack of subject-matter jurisdiction.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [41]**, is **ADOPTED**.

2. Defendants' Motion to Dismiss, **ECF No. [27]**, is **GRANTED**.

3. The above-styled case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

4. To the extent not otherwise disposed of, all scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record